UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TOMMIE J. QUINN,

Petitioner,

v.

CASE NO. 6:09-cv-1767-Orl-28DAB
(6:07-cr-85-Orl-28DAB)

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 35). Petitioner seeks reconsideration of this Court's November 22, 2010, Order granting in part and denying in part Petitioner's motion for return of property (Doc. No. 32). In that Order, the Court ordered the United States to release to Petitioner or a designated representative, all of the items listed on the Receipt for Property Seized, with the exception of a Fujitsu hard drive, two compact disks, one eight millimeter tape, and Sony video camcorder and bag. *Id.*

The Court's reconsideration of a prior order is an extraordinary remedy which must be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F.Supp.2d 1337,1339 (M.D. Fla. 2003); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1072 (M.D. Fla. 1993). A motion for reconsideration should raise new issues and not merely readdress previously litigated issues. *Taylor*, 814 F.Supp. at 1072. The Court has further stated:

> When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinnings upon which the decision was based. The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

*Id.* at 1072-73 (citations omitted).

Here, Petitioner has noted no change in the factual underpinning upon which the Court based its Order. Petitioner concedes that he is not entitled to the return of the Fujitsu hard drive and eight millimeter tape, as these items were used in, or were intended to be used in, the production of child pornography (Doc. No. 37 at 1). However, Petitioner contends that he is entitled to the return of the two compact disks and Sony video camcorder. *Id.* at 2. Petitioner states that the Government has presented no evidence that the compact disks contain images of minors or that the camcorder was used to produce child pornography. *Id.*

The Government, in its response to the motion, argues first that the Sony video camcorder should not be returned, because Petitioner admitted to federal agents that he had intercourse with a fifteen-year-old girl and surreptitiously recorded the encounter (Doc. No. 39 at 4). Moreover, the Government contends that the eight millimeter videotape contains the taped encounter. *Id.* The Government argues that it is reasonable to conclude that the Sony video camcorder, an eight millimeter camcorder, was used to produce the eight millimeter video. *Id.* Additionally, the Government notes that it has yet to be able to identify the victim in the video, and therefore the need to retain the evidence continues. *Id.* With regard to the two compact disks, the Government asserts that they contain images of girls who appear to be under the age of eighteen engaging in sexually explicit

conduct. *Id.* at 5. The Government notes that at least one of the pictures is titled "17-yr-old masturbates," thus, federal agents believe that the disks contain images of girls under the age of eighteen. *Id.*

The Court finds that the Sony video camcorder was likely used to produce images of child pornography and that the two compact disks likely contain images of child pornography. The Government has demonstrated that it has a legitimate reason to retain these items. " *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (quotation omitted); *see also United States v. Melquiades*, 2010 WL 3314487, at *1-2 (11th Cir. Aug. 24, 2010). Petitioner has failed to demonstrate sufficient grounds warranting reconsideration of the Court's prior order.

Accordingly, it is **ORDERED** that the Motion for Reconsideration (Doc. No. 35) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this _10_ day of January, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 1/7
Tommie J. Quinn
Counsel of Record